Melvin D. Honowitz (No. 57341)
Eric C. Shaw (No. 104889)
LAW OFFICE OF MELVIN D. HONOWITZ & ASSOCIATES
One Embarcadero Center, Ste. 500
San Francisco, CA 94111
Telephone:  (415) 773-2880
Facsimile:   (415) 433-5994
Email:  mhonowitz@mdhlegal.com
        eric@shawesq.com

Attorneys for Defendant
BERKELEY MILLWORK
AND FURNITURE CO. INC.

Clara J. Shin (No. 214809)
Ethan Forrest (No. 286109)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, California 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: cshin@cov.com
        eforrest@cov.com

Attorneys for Plaintiffs and Counter-Defendants
JILL CAKEBREAD and STEVE CAKEBREAD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JILL CAKEBREAD and STEVE CAKEBREAD,<br><br>Plaintiffs,<br><br>v.<br><br>BERKELEY MILLWORK AND FURNITURE CO., INC.,<br><br>Defendant. | Civil Case No.: 16-cv-00083-RS<br><br>**BERKELEY MILLWORK'S STIPULATED REQUESTS TO FILE AMENDED ANSWER, VOLUNTARILY DISMISS COUNTERCLAIMS WITH PREJUDICE, AND WITHDRAW JURY TRIAL DEMAND; [PROPOSED] ORDER** |

BERKELEY MILLWORK'S STIPULATED REQUESTS TO FILE AMENDED ANSWER, VOLUNTARILY DISMISS COUNTERCLAIMS WITH PREJUDICE, AND WITHDRAW JURY TRIAL DEMAND; [PROPOSED] ORDER      1

Civil Case No.: 16-cv-00083-RS

1    IT IS HEREBY STIPULATED by and between Berkeley Millwork & Furniture Co., Inc. and Jill and Steve Cakebread that:

1. Pursuant to Federal Rule of Civil Procedure 41(b), Berkeley Millwork will dismiss its Counterclaims and Prayer for Relief, Dkt. 8, in their entirety with prejudice.

2. Pursuant to Rule 15, Berkeley Millwork may file the Amended Answer attached hereto as Exhibit A.

3. Pursuant to Federal Rule of Civil Procedure 38(d), Berkeley Millwork withdraws its jury trial demand.

*   *   *

Per Local Rule 5-1(i)(3), the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatory.

DATED: December 9, 2016                COVINGTON & BURLING LLP

                                       By:  /s/
                                            Clara J. Shin
                                            Ethan Forrest

                                       Attorneys for Plaintiffs and
                                       Counter-Defendants
                                       JILL CAKEBREAD and
                                       STEVE CAKEBREAD

DATED: December 9, 2016                LAW OFFICE OF MELVIN D. HONOWITZ
                                       & ASSOCIATES

                                       By:  /s/
                                            Melvin D. Honowitz
                                            Eric C. Shaw

                                       Attorneys for Defendant and Counter-
                                       Claimant BERKELEY MILLWORK
                                       AND FURNITURE CO., INC.

BERKELEY MILLWORK'S STIPULATED REQUESTS TO FILE AMENDED ANSWER, VOLUNTARILY DISMISS COUNTERCLAIMS WITH PREJUDICE, AND WITHDRAW JURY TRIAL DEMAND; [PROPOSED] ORDER                                                                                                                            2

Civil Case No.: 16-cv-00083-RS

**ORDER [~~PROPOSED~~]**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: 12/12/16

_____
HONORABLE RICHARD G. SEEBORG
UNITED STATES DISTRICT JUDGE

BERKELEY MILLWORK'S STIPULATED REQUESTS TO FILE AMENDED ANSWER, VOLUNTARILY DISMISS COUNTERCLAIMS WITH PREJUDICE, AND WITHDRAW JURY TRIAL DEMAND; [PROPOSED] ORDER

3

Civil Case No.: 16-cv-00083-RS

# Exhibit A

MELVIN D. HONOWITZ (SBN 57341)
mhonowitz@mdhlegal.com
ERIC C. SHAW (SBN 104889)
eric@shawesq.com
**MELVIN D. HONOWITZ AND ASSOCIATES**
One Embarcadero Center, Ste. 500
San Francisco, CA 94111

Telephone:  (415) 773-2880
Facsimile:   (415) 433-5994

Attorneys for Defendant
**BERKELEY MILLWORK
AND FURNITURE CO. INC.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| **JILL CAKEBREAD et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**BERKELEY MILLWORK AND FURNITURE CO. INC.** ,<br><br>Defendants. | **CASE NO. C-16-00083 DMR**<br><br>**AMENDED ANSWER OF DEFENDANT BERKELEY MILLWORK AND FURNITURE CO. INC.**<br><br>Complaint Filed: January 8, 2016 |

Defendant BERKELEY MILLWORK AND FURNITURE CO. INC. ("Berkeley Millwork") answers the Complaint of Plaintiffs JILL CAKEBREAD and STEVE CAKEBREAD ("Plaintiffs") as follows:

## INTRODUCTION

1. Berkeley Millwork denies the allegations of paragraph 1.

2. In response to paragraph 2, Berkeley Millwork admits that it made an offer to compromise, but such offer was not an admission, and is inadmissible as a purported admission under Federal Rule of Evidence 408. Berkeley Millwork avers that inclusion of such offer in the

**ANSWER OF DEFENDANT BERKELEY
MILLWORK AND FURNITURE CO. INC.**                                                            1

1  complaint is both improper and should be stricken. Berkeley Millwork denies that any refund is
2  owed to the Plaintiffs, and therefore denies that it has "used" Plaintiffs' money.
3      3.    Berkeley Millwork denies the allegations of paragraph 3.

## JURISDICTION AND VENUE

4.  Berkeley Millwork admits that it is a resident of California. Berkeley Millwork has no information or belief as to the current residence of Plaintiffs and therefore can neither admit nor deny that this action is between citizens of different states. Berkeley Millwork admits the amount in controversy exceeds $75,000.

5.  Berkeley Millwork admits the allegations of paragraph 5.

6.  Berkeley Millwork admits the allegations of paragraph 6.

## INTRADISTRICT ASSIGNMENT

7.  In response to paragraph 7, Berkeley Millwork admits that the events surrounding this claim largely occurred in Alameda County. Berkeley Millwork has no objection to the assignment of the case to the Oakland Division of the Court.

## PARTIES

8.  In response to paragraph 8, Berkeley Millwork has no information or belief as to the Plaintiffs residence and therefore denies this allegation.

9.  Berkeley Millwork admits the allegations of paragraph 9.

## FACTS ENTITLING THE CAKEBREADS TO RELIEF

### Berkeley Mills and the Cakebreads' Agreements

10.  Berkeley Millwork admits the allegations of paragraph 10.

11.  Berkeley Millwork admits the allegations of paragraph 11.

12.  Berkeley Millwork admits the allegations of paragraph 12.

13.  Berkeley Millwork admits the allegations of paragraph 13.

### Berkeley Mills Owes the Cakebreads Nothing

14.  In response to paragraph 14, Berkeley Millwork denies that the "request to postpone" occurred prior to commencement of work. At that time, August 2007, fabrication had already commenced. Berkeley Mills admits that it agreed to place "cabinet making" then already

1  underway on hold as of August 22, 2007 and to store the fabricated materials pending instructions
2  to proceed.

3      15.    In response to paragraph 15, Berkeley Millwork admits receiving a statement
4  from the Cakebreads in June 25, 2015 acknowledging that they had previously cancelled the
5  transaction the purchase order.  Berkeley Mills denies that the Plaintiffs had any right to cancel
6  "again" the previously cancelled project. Berkeley Millwork further avers that no right to cancel
7  would have existed in 2015 as fabrication had commenced in the Spring of 2007, thereby
8  terminating any contractual right to cancel the project. Cancellation of the initial purchase order
9  had occurred in or around May 2008 when the Cakebreads had the project redesigned, and the
10 parties agreed and understood that the goods as originally designed, priced and ordered would
11 never be manufactured, and that a second, independent purchase order would be required for the
12 purchase of goods.

13     16.    Berkeley Millwork denies the allegations of paragraph 16, no refund is due to the
14 Plaintiffs.

15 **Because Berkeley Mills Owes Plaintiffs Nothing, It Has Declined a Issue Refund**

16     17.    In response to paragraph 17, Berkeley Millwork admits that it has refused to issue
17 a refund. Except as admitted, Berkeley Millwork denies the allegations of paragraph 17.

18     18.    In response to paragraph 18, Berkeley Mills acknowledges engaging in settlement
19 negotiations. Any further reference to such negotiations is improper under Federal Rule of
20 Evidence 408 and should be stricken.

21     19.    In response to paragraph 19, Berkeley Mills acknowledges engaging in settlement
22 negotiations. Any further reference to such negotiations is improper under Federal Rule of
23 Evidence 408 and should be stricken.

24     20.    In response to paragraph 20, Berkeley Millwork admits it has properly refused to
25 provide Plaintiffs a return of the money when the order was cancelled in or around May 2008.
26 Except as expressly admitted, Berkeley Millwork denies the allegations of paragraph 20.

27     21.    Berkeley Mills denies the allegations of paragraph 21.

28

ANSWER OF DEFENDANT BERKELEY
MILLWORK AND FURNITURE CO. INC.    3

**Berkeley Mills Stood on Its Contractual Rights With Regard to Arbitration**

22. Berkeley Mills admits the allegations of paragraph 22.

23. Berkeley Mills admits the allegations of paragraph 23.

24. In response to paragraph 24, Berkeley Mills admits that the AAA requested that the parties waive the attorneys' fees clause as a condition to proceeding with the arbitration.

25. In response to paragraph 25 Berkeley Mills admits that it declined to waive the attorneys' fees clause. Berkeley Mills further avers that the terms and conditions were prepared prior to the adoption of California Code of Civil Procedure 1284.3, and further that it did not view its contract with the Cakebreads for Cakebread Ranch, which Berkeley Mills understands to be a commercial venture, as a "consumer" transaction.

26. Berkeley Mills admits the allegations of paragraph 26.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

27. In response to paragraph 27, Berkeley Mills incorporates its responses to paragraphs 1 through 26, above.

28. Berkeley Mills admits the allegations of Paragraph 28.

29. Berkeley Mills denies the allegations of paragraph 29.

30. Berkeley Mills denies the allegations of paragraph 30.

31. In response to paragraph 31, Berkeley Mills admits that it has retained the Plaintiffs' nonrefundable deposit as it has no legal obligation to return it.

32. Berkeley Mills denies the allegations of paragraph 32.

**SECOND CAUSE OF ACTION**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

33. In response to paragraph 33, Berkeley Mills incorporates its responses to paragraphs 1 through 32, above.

34. Berkeley Mills admits the allegations of paragraph 34.

35. Berkeley Mills denies the allegations of paragraph 35.

36. Berkeley Mills denies the allegations of paragraph 36.

ANSWER OF DEFENDANT BERKELEY
MILLWORK AND FURNITURE CO. INC.                                       4

37. Berkeley Mills denies the allegations of paragraph 37.

38. Berkeley Mills denies the allegations of paragraph 38.

### THIRD CAUSE OF ACTION
### CONVERSION

39. In response to paragraph 39, Berkeley Mills incorporates its responses to paragraphs 1 through 38, above.

40. Berkeley Mills denies the allegations of paragraph 40.

41. Berkeley Mills denies the allegations of paragraph 41.

42. Berkeley Mills denies that it had any obligation to secure the Plaintiffs' "consent" with regard to is usage of the deposit and thus avers that their "consent" is irrelevant.

43. Berkeley Mills denies the allegations of paragraph 43.

44. Berkeley Mills denies the allegations of paragraph 44.

WHEREFORE Defendant Berkeley Mills prays for judgment as set forth below:

### AFFIRMATIVE DEFENSES

Berkeley Mills alleges the following matters as Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Complaint fails to state facts sufficient to state a cause of action against Berkeley Mills.

### SECOND AFFIRMATIVE DEFENSE

California law does not recognize the Second Cause of Action as a separate claim for breach of contract.

### THIRD AFFIRMATIVE DEFENSE

All claims alleged against Berkeley Mills are barred by the provisions of California Civil Code sections 337, 338, or other applicable statute of limitations such as Cal. U.C.C., section 2-725.

### FOURTH AFFIRMATIVE DEFENSE

If any refund were owed under the contract, such claim arose no later than May 2008 when Plaintiffs were advised and acknowledged that the purchase order had been cancelled pending new designs and new quote for the production of goods. A new quote was provided at

ANSWER OF DEFENDANT BERKELEY
MILLWORK AND FURNITURE CO. INC.                                                     5

Plaintiffs request in September 2009 but not accepted within a reasonable time.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the doctrine of waiver. To the extent that Plaintiffs had any right to cancel the contract, such cancellation had to occur within a reasonable time of commencement of the contract, and such reasonable time elapsed many years ago. As a result Plaintiffs waive any right to cancel the contract..

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs had no right to terminate the contract, and by their termination Plaintiffs have caused Berkeley Mills damages measured by the profits Berkeley Mills would incurred in completing that contract as well as for the custom materials milled for use in Plaintiffs' project. All such damages, according to proof, would be an offset to any amounts Plaintiff would be owed.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from asserting the allegations contained in the complaint by reason of their its acts, omissions, representations, and conduct, upon which Berkeley Mills to believe that Plaintiffs had cancelled the project after fabrication and acquiesced by their subsequent conduct to the terms and conditions of the contract which made the deposit nonrefundable, and that Berkeley Millwork has relied to its detriment on Plaintiffs failure over the ensuing seven years to seek such a refund.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damage and losses, if any, and any recovery awarded should be reduced by the amount of damages that could reasonably have been avoided.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs could no longer cancel the order in July 2015 as fabrication commenced in 2007 prior to the project being placed on hold on or about August 22, 2007, and further because the contract had already been cancelled in 2008.

### TENTH AFFIRMATIVE DEFENSE

Per the contract, the deposit was nonrefundable and accordingly Berkeley Millwork has no obligation to make any refund of monies to the Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Withdrawn.

### TWELFTH AFFIRMATIVE DEFENSE

In the event Plaintiffs prevail on any claim, Berkeley Mills is entitled to an offset pursuant to Code of Civil Procedure section 431.70 measured by the lost profits it would have earned had it been allowed to perform the contract. The project was unilaterally cancelled by Plaintiffs in 2008 after fabrication had commenced.

### THIRTEENTH AFFIMATIVE DEFENSE

To the extent not otherwise cancelled, the project was abandoned by the conduct of the parties and the contracts therefore canceled by operation of law no later than March 2011.

WHEREFORE, Berkeley Mills prays that:

1. That Plaintiffs take nothing by way or their complaint and that judgment be entered in favor of Berkeley Mills and against Plaintiffs;

2. Berkeley Mills be awarded costs of suit incurred herein, including reasonable attorneys' fees; and

3. Berkeley Mills be awarded such other and other further relief as the court may deem just and proper.

Dated: December 7, 2016

MELVIN D. HONOWITZ
AND ASSOCIATES

By   /s/
      Eric C. Shaw

Attorney for Defendant Counter-Claimant
**BERKELEY MILLWORK
AND FURNITURE CO. INC.**

ANSWER OF DEFENDANT BERKELEY
MILLWORK AND FURNITURE CO. INC.                                                    7